UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>  Plaintiff,<br><br>  vs.<br><br>PEOPLE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No: C 10-1449 SBA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Dkts. 22, 36, 38, 45 |

Plaintiff brings the instant *pro se* action pursuant to 42 U.S.C. § 1983. The parties are presently before the Court on Defendants Jeffrey Stark, Bob Conner, and Cynthia Cornejo's ("Defendants") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. 22), Plaintiff's Motion for Default Judgment as against the People of California (Dkt. 36), and Plaintiff's Amended Notice of Motion for Default Judgment as against the People of California (Dkt. 45).[1]

Having read and considered the papers filed in connection with these matters and being fully informed, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Default Judgment for reasons set forth below. The Court, in its discretion, finds these matters suitable for resolution without oral argument. See Fed. R. Civ. P. 78(b).

---

[1] Plaintiff filed both a Motion for Default Judgment and an "Amended" Motion for Default Judgment, which are largely similar in content and seek the same relief. Thus, the Court liberally construes these motions as a single motion for default judgment as against the People of California.

## I. FACTUAL BACKGROUND

In this action, Plaintiff has sued Jeffrey Stark (an Assistant District Attorney in the Alameda County's District Attorney's Office), Bob Conner (an investigator in the Alameda County's District Attorney's Office), and Cynthia Cornejo (the Registrar of Voters of Alameda County) based on Stark and Conner's ongoing investigation and prosecution of Plaintiff for election fraud. See Defendants' Request for Judicial Notice ("RJN"), Ex. A at 1-2, Dkt. 26.[2] The election fraud allegation is based on Plaintiff's claim in his nomination papers that he resides at 832 34th Street, in Emeryville, California, in Ward 2 of the AC Transit District, which is located entirely within Alameda County. Id. Plaintiff made this claim in order to run for Board Member for Ward 2 on the AC Transit Board of Directors in the November 2008 election. Id. However, the Alameda County District Attorney's Office received a report from the incumbent for that position that Plaintiff did not reside in Ward 2, but rather resided at a senior assisted living facility, in Apartment 318 at 1555 Third Street, in Richmond, California, which is located in Contra Costa County. Id.; Compl., Ex. 1 at 1, Dkt. 1. Conner was then assigned to investigate. Compl., Ex. 1 at 1. His investigation is detailed in a search and arrest warrant affidavit, attached as Exhibit 1 to Plaintiff's instant Complaint. Id. at 1-14. A criminal felony complaint was filed against Plaintiff in October 2008 in Alameda County Superior Court. RJN, Ex. A.

## II. PROCEDURAL BACKGROUND

### A. PLAINTIFF'S COMPLAINT

Plaintiff filed the instant action on April 6, 2010. As indicated, Plaintiff has sued Conner, the District Attorney's investigator, as well as Stark, the Assistant District Attorney who is prosecuting Plaintiff, and Cornejo, the elections official who provided Conner with Plaintiff's nomination papers and voter registration information. See Compl. Plaintiff also names as a defendant "the People of California," which the Court liberally construes to mean

---

[2] The Court may consider matters of which it may properly take judicial notice without converting the motion to dismiss to one for summary judgment. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1198 (9th Cir. 1988) (court records).

the State of California.  See id. ¶ 2 ("defendant, People of the State of California, was a government ….").

Plaintiff generally claims that Defendants "invaded his privacy, fraudulently mislead (sic) a judge, subjected [him] to elder abuse, and subjected [him] to malicious prosecution."  Id. ¶ 1.  In his verified Complaint, brought under 42 U.S.C. § 1983, Plaintiff asserts fourteen claims and seeks damages as well as declaratory relief.  Plaintiff's first four claims are against the non-moving defendant the People of California, for alleged negligent failure to train and supervise Defendants.  Id. ¶¶ 7-25.  Plaintiff's Fifth through Fourteenth claims, described herein, are the subject of Defendants' instant Motion to Dismiss.

Fifth Claim.  This claim is brought against the People of California and Stark for "negligent failure to provide adequate training and adequate supervision to its private contractor Jeffrey Stark and to its employees" to deposit "all writs and/or communications addressed to the courts" in the U.S. Mail.  Id. at 10.  Specifically, Plaintiff asserts that he delivered to a Deputy Sheriff at the Contra Costa facility in Martinez, California, a petition for writ of habeas corpus for mailing, and the Deputy Sheriff failed to deposit the petition in the mail.  Id. ¶¶ 27-29.

Sixth Claim.  Plaintiff brings this claim against Conner for allegedly creating a false affidavit that was presented to Judge Leo Dorado on October 10, 2008, with the intent to mislead the judge to issue a search and arrest warrant.  Id. at 12.  Plaintiff does not allege in this claim how the affidavit was false, but in his declaration attached to his Complaint, he asserts that Conner falsely stated that Plaintiff's address on his driver's license is Apartment 318 at 1555 Third Street, in Richmond, California.  Compl., Ex. 2 ¶¶ 2-3.  According to Plaintiff, his current address on file with the California Department of Motor Vehicles is a post office box in Oakland.  Id. ¶ 3.

Seventh Claim.  This claim is against Stark for presenting Conner's allegedly false affidavit to Judge Dorado on October 10, 2008.  Compl. at 12.  Plaintiff alleges that Stark either knew or should have known that the affidavit contained false information.  Id. ¶¶ 37-39.

<u>Eighth Claim</u>.  Plaintiff brings this claim against Conner for "using police power to obtain personal information concerning [Plaintiff] for use against [him] for purpose of convicting [Plaintiff] of having violated a criminal statute which prohibits perjury."  <u>Id</u>. at 3.  Specifically, Plaintiff alleges that on August 20, 2008, Conner used "his police badge to seize evidence from the files of the California Registrar of Voters" regarding Plaintiff.  <u>Id</u>. ¶ 43.

<u>Ninth Claim</u>.  As in his Eighth Claim, Plaintiff alleges in this claim that Conner used his "police badge" to "seize evidence from the files of the California Registrar of Voters," which Conner allegedly "could not have gotten by following the procedures required" by the Fourth Amendment of the United States Constitution and Article I, section 13, of the Constitution of the State of California "to first prepare an affidavit of probable cause" and present it to a judge.  <u>Id</u>. ¶ 47.  Furthermore, Plaintiff alleges that Conner "ignor[ed] the 4th Amendment" and seized Plaintiff's voter registration form "without the benefit of a warrant …."  <u>Id</u>. ¶ 49.  Plaintiff also alleges that Conner could not have accessed Plaintiff's address as listed with the California Department of Motor Vehicles without a warrant.  <u>See</u> Pl.'s Opp. at 3.

<u>Tenth Claim</u>.  This claim seeks punitive damages against Conner based on his alleged duty to Plaintiff "not to willfully break and enter into the residence or business office of [Plaintiff] in order to execute a warrant to arrest or warrant to search, while knowing that it is unlawful to fail to knock and announce according to [California] Penal Code section 844."  Compl. ¶ 53.³  In particular, Plaintiff alleges that on October 17, 2008, Conner "broke and entered" into "plaintiff's office in the process of executing a warrant to arrest [Plaintiff] and warrants to search while knowing the same to be unlawful" because Conner failed to knock and announce.  <u>Id</u>. ¶ 55.

<u>Eleventh Claim</u>.  Plaintiff brings this claim against Conner for "willfully breaking and entering in order to execute warrants to arrest and warrants to search against [Plaintiff] and

---

³ Section 844 provides: "To make an arrest, a private person, if the offense is a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing the person to be, after having demanded admittance and explained the purpose for which admittance is desired."

- 4 -

unnecessarily holding [Plaintiff] at gun-point while knowing the same to be unlawful." Id. at 19. Specifically, Plaintiff alleges that on October 17, 2008, Conner broke and entered "into the office of [Plaintiff] with gun in hand, saying: 'Are you James Muhammad?  I am Inspector Bob Conner who you hung the telephone up on August 25.'" Id. ¶ 61.

Twelfth Claim.   This claim for "elder abuse" is based on Conner's alleged breaking and entering into the "residence or business office" of Plaintiff with "gun in hand" on October 17, 2008 to execute a search and arrest warrant, "while knowing that it is unlawful to fail to knock and announce" and while allegedly knowing that Plaintiff was seventy-five years old and "physically handicapped." Id. ¶¶ 65, 66.  Plaintiff further alleges that, while he "was not shot or beaten," "mentally, he was sufficiently shocked enough to have committed an unlawful act against the police (which could have caused him to be killed by Bob Conner who was in the lead with gun in hand) …." Id. ¶ 69.

Thirteenth Claim.   Plaintiff brings this claim against Cornejo based on her alleged "abuse of right to privacy." Id. at 22.  Specifically, Plaintiff alleges that on August 20, 2008, Cornejo "beached her duty to [Plaintiff] not to abuse the privacy right of [Plaintiff]" by delivering Plaintiff's "private information" from the files of the California Registrar of Voters to Conner without a warrant. Id. ¶¶ 74-75.

Fourteenth Claim.   This claim is for "punitive damages" against Cornejo for the same alleged conduct described in Plaintiff's Thirteenth Claim. Id. ¶ 79.

### B. THE INSTANT MOTIONS

Now, Defendants move under Rule 12(b)(6) to dismiss all claims against them based on various grounds, including absolute prosecutorial immunity and qualified immunity.[4] Also before the Court is Plaintiff's Motion for Default Judgment against Defendant the People of California. Dkts. 36, 45. The merits of the parties' motions are addressed below.[5]

### C. THE PARTIES' REQUESTS FOR JUDICIAL NOTICE

In support of their Motion to Dismiss, Defendants ask the Court to take judicial notice under Federal Rule of Evidence 201 of: (1) the existence of the ongoing state criminal prosecution against Plaintiff in Alameda County Superior Court, entitled People v. Conway aka Muhammad, criminal case no. 544924, and related documents; (2) the existence of a civil lawsuit filed by Plaintiff in Contra Costa County Superior Court, entitled Muhammad v. Eden

---

[4] Defendants also argue that to the extent they are sued in their official capacities, Plaintiff's claims are barred by Eleventh Amendment immunity, and to the extent Plaintiff's claims can be construed as state law claims, they are barred by the California Tort Claims Act and state law immunities. However, these arguments are premature, as there is no indication at this time that Plaintiff's claims are official capacity claims or state law claims. Indeed, Plaintiff does not indicate in his Complaint that he is suing Defendants in their official capacities, and "[w]here state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it is presumed that the officials are being sued in their individual capacities." See Shoshone-Bannock Tribes v. Fish & Game Com'n, Idaho, 42 F.3d 1278, 1284 (9th Cir. 1994). Moreover, Defendants raise, for the first time in their reply brief, the argument that Plaintiff's claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994), in view of Plaintiff's conviction in the underlying criminal proceeding, entered after Defendants' Motion to Dismiss was filed. A "district court need not consider arguments raised for the first time in a reply brief." Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (citation omitted). In addition, Plaintiff has not had the opportunity to respond to Defendants' newly-raised argument. Therefore, the Court will not consider the merits of Defendants' arguments regarding Eleventh Amendment immunity, the California Tort Claims Act, state law immunities, or Heck v. Humphrey; Defendants may raise these arguments, if appropriate, in future motion practice.

[5] Plaintiff has also filed a "Motion for Order Finding All Request for Admission to Genuineness of Documents and Truth of Facts" (Dkt. 38) directed to discovery Plaintiff has served on Defendants. However, the parties have not yet met and conferred pursuant to Federal Rule of Civil Procedure 26(f). See Sazama Decl. ¶ 13, Dkt. 41. Therefore, Plaintiff's discovery is premature, and his motion is DENIED. See Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

Housing Management, Inc. et al., case no. MSC08-00943, and related documents; (3) the "fact" that, in the civil lawsuit, Plaintiff states in his verified complaint and in a declaration that he resides at Apt. 318, at 1555 Third Street, in Richmond, California; and (4) the "fact" that Plaintiff listed his address of record in the civil lawsuit as Apt. 318, at 1555 Third Street, in Richmond, California. Defendants' RJN is GRANTED as to requests (1) and (2), as a court may take judicial notice of a "document filed in another court ... to establish the fact of such litigation and related filings …." Taylor v. Charter Medical Corp., 162 F.3d 827, 830 (5th Cir. 1998). However, Defendants' RJN is DENIED as to requests (3) and (4) because "facts are indisputable, and thus subject to judicial notice, only if they are either 'generally known' under Rule 201(b)(1) or 'capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned' under Rule 201(b)(2)." U.S. v. Ritchie, 342 F.3d 903, 908-909 (9th Cir. 2003). The underlying facts relevant to Plaintiff's residence are disputed and otherwise do not meet the requirements of Rule 201.

In connection with his opposition brief, Plaintiff asks the Court to take judicial notice of: (1) a copy of 28 U.S.C. § 2201; (2) a copy of the first seven pages of a proposed Joint Case Management Statement in this matter; (3) copies of various discovery requests Plaintiff allegedly served on Defendants and Defendants' purported responses; and (4) a Motion to Quash filed in Plaintiff's underlying criminal proceeding. Dkt. 53. Plaintiff's RJN is DENIED as to items (2) and (3) because Plaintiff fails to establish that these documents contain matters "generally known" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," as required by Rule 201. Plaintiff's RJN is GRANTED as to items (1) and (4).

### III. DEFENDANTS' MOTION TO DISMISS

#### A. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must allege "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) and "give the defendant fair

notice of what … the claim is and the grounds upon which it rests," Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks omitted).  If a complaint fails to satisfy Rule 8, it "must be dismissed" for failure to state a claim upon which relief can be granted.  Twombly, 550 U.S. at 570.  Pro se pleadings must be liberally construed.  Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  The pleadings must "give the defendant fair notice of what ... the claim is and the grounds upon which it rests."  Erickson, 551 U.S. at 93 (internal quotation marks omitted).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to alleged sufficient facts to support a cognizable legal theory.  Balistreri, 901 F.2d at 699.

When considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff.  See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 164 (1993).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, --- U.S. ---, 129 S.Ct. 1937, 1949-50 (2009).  "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."  Id. at 1950.  Those facts must be sufficient to push the claims "across the line from conceivable to plausible[.]"  Id. at 1951 (quoting Twombly, 550 U.S. at 557).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B.     ANALYSIS**

**1.     Fifth Claim**

Plaintiff's Fifth Claim is brought against only the People of California and Stark.  With respect to Stark, Plaintiff alleges that the People of California's "negligent failure to provide adequate training [and] supervision to its private contractor Jeffrey Stark" resulted in the failure of the Contra Costa County Sheriff's Deputy to mail Plaintiff's petition for writ of habeas corpus.  Compl. ¶¶ 27-29.  At the outset, Plaintiff fails to allege any action on behalf of Stark that led to the failure of the Sheriff's Deputy to place Plaintiff's petition in the mail.  Moreover, as alleged in the Complaint, Stark is an Assistant District Attorney in the Alameda County's District Attorney's Office.  Plaintiff fails to allege any facts indicating that Stark, an employee of a different county, was responsible for the control or supervision of Contra Costa County Sheriff's Deputies.  Nor has Plaintiff provided a meaningful response to Defendants' challenge to this claim in his opposition brief.

Therefore, Defendants' Motion to Dismiss Plaintiff's Fifth Claim as against Stark is GRANTED.

**2.     Sixth Claim**

Plaintiff brings this claim against Conner for allegedly creating a false affidavit regarding Plaintiff's address that was presented by Stark to Judge Dorado on October 10, 2008, with the intent to mislead the judge to issue a search and arrest warrant.  Id. at 12.  Defendants move to dismiss this claim on the following grounds: (1) Conner's affidavit "set forth in detail the investigation undertaken by Defendant Conner" in determining Plaintiff's correct address; (2) Plaintiff admits in his Complaint that he was residing in a "senior apartment complex" during the time at issue (see Compl. ¶ 68) which, according to Defendants, necessarily refers to Apartment 318 at 1555 Third Street, in Richmond, California; (3) Plaintiff stated in his verified civil complaint in Contra Costa County Superior Court that he resided at Apartment 318 at 1555 Third Street, in Richmond, California; and (4) Conner is entitled to qualified immunity.

As to arguments (1) through (3), these arguments are directed to the truth of Plaintiff's assertion that he resided in Ward 2 of the AC Transit District when he filed his nomination

papers, and necessarily involve disputed questions of fact that are inappropriate for resolution on a Rule 12(b)(6) motion.  See Leatherman, 507 U.S. at 164 (when considering a motion to dismiss under Rule 12(b)(6), a court must take the allegations as true and construe them in the light most favorable to plaintiff); Greenwich Ins. Co. v. Rodgers, 729 F.Supp.2d 1158, 1164 (C.D. Cal. 2010) (questions of fact are inappropriate for resolution on a motion to dismiss).

Moreover, Defendants' qualified immunity argument relates solely to Plaintiff's allegation, set forth in his Eighth, Ninth, Thirteenth, and Fourteenth Claims, that he had a reasonable expectation of privacy in the information obtained from Cornejo at the California Registrar of Voters.[6]  With this argument, Defendants entirely fail to address Plaintiff's allegation that Conner created a false affidavit with the intent to mislead Judge Dorado into issuing a search and arrest warrant.  As a result, Defendants have failed to provide a qualified immunity analysis with respect to these allegations, i.e., whether the facts alleged indicate that Conner's conduct in creating a purportedly false affidavit violated a constitutional right, and, if so, whether the right violated was clearly established.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  It is not the role of the Court to make parties' arguments for them.  See Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court … we have held firm against considering arguments that are not briefed").

For these reasons, Defendants' motion to dismiss Plaintiff's Sixth Claim is DENIED.

### 3. Seventh Claim

In his Seventh Claim, Plaintiff alleges that Stark knew or should have known that Conner's affidavit, which was presented to Judge Dorado on October 10, 2008 in support of an application for a search and arrest warrant, contained false information.  Compl. ¶¶ 36-39. Defendants argue that Stark is entitled to absolute prosecutorial immunity because he was acting as a criminal prosecutor when he secured the warrant.

---

[6] In their motion, Defendants present their qualified immunity argument in a blanket fashion without referring to any specific claim.

1    "A state prosecuting attorney enjoys absolute immunity from liability under § 1983 for
2 his conduct in 'pursuing a criminal prosecution' insofar as he acts within his role as an
3 'advocate for the State' and his actions are 'intimately associated with the judicial phase of the
4 criminal process.'"  Cousins v. Lockyer, 568 F.3d 1063, 1068 (9th Cir. 2009) (citing Imbler v.
5 Pachtman, 424 U.S. 409, 410 (1976)).  However, "absolute immunity may not apply when a
6 prosecutor is not acting as 'an officer of the court,' but is instead engaged in ... investigative or
7 administrative tasks."  Id.  In those instances, only qualified immunity is available.  Id.  "To
8 determine whether an action is judicial, investigative, or administrative, we look at the nature
9 of the function performed, not the identity of the actor who performed it."  Id. (internal
10 quotations omitted).

11    The Supreme Court has held that absolute immunity protects a prosecutor who is
12 appearing in court in support of a warrant application.  See Burns v. Reed, 500 U.S. 478, 492
13 (1991) (holding that the prosecutor's conduct in appearing in court in support of an application
14 for a search warrant and in presenting evidence at that hearing was protected by absolute
15 immunity); Kalina v. Fletcher, 522 U.S. 118, 123-25 (1997) (prosecutor immune for acts in
16 connection with preparation and filing of information and motion for arrest warrant).

17    Moreover, the Supreme Court has held that an allegation that a prosecutor knowingly
18 submitted false testimony does not overcome a claim of absolute prosecutorial immunity.  See
19 Imbler, 424 U.S. at 431.  For example, in Burns v. Reed, the Supreme Court held that absolute
20 immunity applied to a prosecutor's "appearance in court in support of an application for a
21 search warrant and the presentation of evidence at that hearing."  500 U.S. at 492.  The Court
22 reasoned that "appearing before a judge and presenting evidence in support of a motion for a
23 search warrant clearly involve the prosecutor's role as advocate for the State, rather than his
24 role as administrator or investigative officer."  Id. at 491 (quotations omitted).  The Court held
25 that the prosecutor was thus immune from liability based on the plaintiff's allegations that he
26 had elicited false testimony during the hearing on the search warrant.  Id. at 482.

Under the authority presented, Stark is entitled to absolute immunity for the conduct alleged in Plaintiff's Seventh Claim.  Therefore, Defendants' motion to dismiss Plaintiff's Seventh Claim is GRANTED.

### 4. Eighth, Ninth, Thirteenth, and Fourteenth Claims

Plaintiff's Eighth and Ninth Claims are directed to his allegation that Conner "used his police power" to unlawfully "seize evidence" from the files of the California Registrar of Voters and the California Department of Motor Vehicles for use in a criminal prosecution of Plaintiff.  Similarly, Plaintiff's Thirteenth and Fourteenth Claims are directed to Plaintiff's allegation that Cornejo violated his "right to privacy" by delivering to Conner, in response to his request, information contained in Plaintiff's voter registration form and nomination papers filed with the California Registrar of Voters.  Simply put, Plaintiff alleges that, pursuant to the Fourth Amendment, these Defendants could not access or produce this information without a warrant.

As correctly argued by Defendants, "in order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; i.e., one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'"  Minnesota v. Carter, 525 U.S. 83, 88 (1998); see also U.S. v. Ziegler, 474 F.3d 1184, 1189 (9th Cir. 2007) (to establish a legitimate expectation of privacy, a party must show: "(1) a subjective expectation of privacy; and (2) an objectively reasonable expectation of privacy") (emphasis added).

Here, Defendants argue that Plaintiff could not have a reasonable expectation of privacy in the information at issue because the information is contained in public documents.

Indeed, California Elections Code § 17100(c) provides that nomination documents are open for viewing by the public: "[p]ublic access to the documents described in subdivision (a) [all nomination documents and signatures in lieu of filing fee petitions filed in accordance with this code] shall be limited to viewing the documents only."  Moreover, California Elections Code § 2188 provides a mechanism for the public to obtain access to voter registration

information: "[a]ny application for voter registration information available pursuant to law and maintained by the Secretary of State or by the elections official of any county shall be made pursuant to this section."  See also Cal. Gov. Code § 6250 (the "California Public Records Act") ("'Public records' includes any writing containing information relating to the conduct of the public's business prepared, owned, used, or retained by any state or local agency regardless of physical form or characteristics"; "Public records are open to inspection at all times during the office hours of the state or local agency and every person has a right to inspect any public record …."); U.S. Dept. of Defense v. Federal Labor Relations Authority, 510 U.S. 487, 500 (1994) (recognizing that voter registration lists are publicly available documents).  Finally, California Vehicle Code § 1808.21 provides that address information from the California Department of Motor Vehicles is not protected from disclosure to law enforcement.  See also 18 U.S.C. § 2721(b)(1) (personal information in state motor vehicle records may be disclosed by the state department of motor vehicles for use by any government agency, including law enforcement, in carrying out its functions).

Based on these statutory provisions, Plaintiff cannot establish an objectively reasonable expectation of privacy in the information at issue.  Moreover, Plaintiff fails to cite any authority to the contrary in his opposition.  Therefore, Defendants' motion to dismiss Plaintiff's Eighth, Ninth, Thirteenth, and Fourteenth Claims is GRANTED.

### 5. Tenth Claim

This claim seeks punitive damages against Conner based on his alleged "breaking and entering" into "the residence or business office of [Plaintiff] in order to execute a warrant to arrest or warrant to search, while knowing that it is unlawful to fail to knock and announce according to [California] Penal Code section 844."  Compl. ¶ 53.  This allegation relates to Conner's execution of a search and arrest warrant at Plaintiff's residence on October 17, 2008.  Id.

The "principle that law enforcement officers should 'knock and announce' their presence and authority before entering a dwelling is part of the reasonableness inquiry under the United States Constitution's Fourth Amendment guarantee against unreasonable searches

and seizures." U.S. v. Combs, 394 F.3d 739, 742 (9th Cir. 2005) (citing Wilson v. Arkansas, 514 U.S. 927, 934 (1995) (knock and announce principle is part of Fourth Amendment reasonableness inquiry)).  Thus, the law requires that "officers entering a dwelling pursuant to a search warrant announce their purpose and authority and either wait a reasonable amount of time or be refused admittance before forcibly entering the residence.  This knock and announce requirement may be excused, however, by the presence of exigent circumstances." U.S. v. Bynum, 362 F.3d 574, 579 (9th Cir. 2004) (citations omitted).

Here, Defendants argue that this claim should be dismissed because "Defendant Conner did knock and announce prior to entering Plaintiff's residence." Defs.' Mtn. at 3-4.  In support of that argument, Defendants rely on a police report describing the circumstances of Plaintiff's arrest.  RJN, Ex. A at 43.  Again, Defendants improperly seek resolution of a fact dispute on a Rule 12(b)(6) motion to dismiss.

Defendants further argue that this claim should be dismissed on qualified immunity grounds.  However, as stated above, Defendants' qualified immunity argument relates solely to Plaintiff's allegation that he had a reasonable expectation of privacy in the information obtained from Cornejo.  As a result, Defendants have failed to provide a qualified immunity analysis with respect to the allegation that Conner failed to knock and announce when executing the warrant.

As such, Defendants' motion to dismiss Plaintiff's Tenth Claim is DENIED.

### 6.    Eleventh and Twelfth Claims

Plaintiff brings his Eleventh and Twelfth Claims against Conner for allegedly holding Plaintiff at gunpoint while executing a search and arrest warrant.  Plaintiff also restates in his Twelfth Claim his allegation that Conner failed to knock and announce.  Specifically, Plaintiff avers that Conner broke and entered into the "residence or business office" of Plaintiff with "gun in hand" on October 17, 2008 to execute a search and arrest warrant, "while knowing that it is unlawful to fail to knock and announce" and while allegedly knowing that Plaintiff was seventy-five years old and "physically handicapped." Compl. ¶¶ 65, 66.  Plaintiff further alleges that, while he "was not shot or beaten," "mentally, he was sufficiently shocked enough

1  to have committed an unlawful act against the police (which could have caused him to be killed
2  by Bob Conner who was in the lead with gun in hand) ….." Id. ¶ 69.
3       The Ninth Circuit has held that "the pointing of a gun at someone may constitute
4  excessive force, even if it does not cause physical injury." Tekle v. U.S., 511 F.3d 839, 845
5  (9th Cir. 2007); see also Robinson v. Solano County, 278 F.3d 1007, 1013-14 (9th Cir. 2002)
6  (holding that the officers' use of a drawn gun at close range when they pointed the gun at head
7  of unarmed misdemeanor suspect is actionable) (en banc).
8       Of note, in their motion, Defendants inexplicably fail to address Plaintiff's allegations
9  regarding Conner's drawing of a gun. In fact, they do not mention this allegation even in their
10 background description of Plaintiff's Eleventh and Twelfth Claims. Putting that curious
11 omission aside, Defendants' sole challenge to these claims is their blanket qualified immunity
12 argument. Again, Defendants' qualified immunity argument relates solely to Plaintiff's
13 allegation that he had a reasonable expectation of privacy in the information obtained from
14 Cornejo. Thus, Defendants have failed to provide a qualified immunity analysis with respect to
15 the allegation that Conner failed to knock and announce when executing a warrant and that he
16 used excessive force in drawing a gun.
17      For these reasons, Defendants' motion to dismiss Plaintiff's Eleventh and Twelfth
18 Claims is DENIED.
19              **7.      *Younger* Abstention**
20      As a final matter, Defendants argue that this action should be stayed under the *Younger*
21 abstention doctrine, pending resolution of the underlying state criminal proceedings against
22 Plaintiff for election fraud. Specifically, Defendants assert that a stay is warranted because
23 "the criminal proceeding arises out of the same facts and circumstances as this civil suit."
24 Defs.' Mtn. at 12.
25      On this issue, the Ninth Circuit has held that "[a]bstention is disfavored, but not
26 forbidden, in cases involving § 1983 damages …. *Younger* abstention is appropriate in actions
27 for money damages in those rare cases in which an adjudication of damages would interfere
28 directly with a pending state proceeding. That is, courts must abstain when (but only when) a

1 necessary predicate of the claim for damages undermines a necessary element in the pending
2 state proceeding." <u>American Consumer Pub. Ass'n, Inc. v. Margosian</u>, 349 F.3d 1122, 1129
3 (9th Cir. 2003). In this case, Defendants have failed to explain how this action would interfere
4 with or otherwise undermine the state criminal proceeding. Moreover, it appears that this
5 argument is moot in view of Defendants' representation in their reply brief that Plaintiff has
6 been convicted in the criminal proceeding. Therefore, this request is DENIED.

### IV.    PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On July 23, 2010, Plaintiff filed a motion for entry of default against the People of California. Dkt. 32. In support of that motion, Plaintiff included a proof of service from "Professional Process Service," indicating that Gina Antonini, described in the proof of service as "Deputy Director, Authorized to Rec.," was served on June 16, 2010 with the summons and complaint on behalf of the People of California. Dkt. 33. The Clerk entered default on July 27, 2010. Dkt. 35. The People of California (i.e., the State of California) has not entered an appearance in this matter.

Now, Plaintiff moves for default judgment as against the People of California. In considering Plaintiff's motion, this Court must first "assess the adequacy of service of process on the party against whom default is requested." <u>Shanghai Win-Wing Import and Export Co., Ltd. v. Watanabe</u>, 2008 WL 4890991, *2 (N.D. Cal. 2008). The Federal Rules of Civil Procedure provide that a "state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In California, service of process upon a public entity shall be made "by delivering a copy of the summons and of the complaint to the clerk, secretary, president, presiding officer, or other head of its governing body." Cal. Code of Civ. P. § 415.60(a); <u>accord</u> <u>Randell v. Cal. State Compensation Ins. Fund</u>, 2008 WL 2946557, * 2 (E.D. Cal. 2008).

Here, Plaintiff presents no competent evidence demonstrating that he properly served the People of California. There is no indication, other than Plaintiff's bare assertion, that Gina

Antonini is authorized to receive service on behalf of the People of California. Moreover, there is no indication that she is "the clerk, secretary, president, presiding officer, or other head" of the governing body of the People of California. Therefore, Plaintiff's motion for default judgment is DENIED, and the Clerk's entry of default is set aside. See Investcorp Retirement Specialists, Inc. v. Ohno, 2007 WL 2462122, *2 (N.D. Cal. 2007) (Federal Rule of Civil Procedure 55(c) "states in relevant part, 'For good cause shown the court may set aside an entry of default.' The court may set aside entries of default sua sponte").

## V.   CONCLUSION

For the foregoing reasons,

IT IS HEREBY ORDERED THAT:

1.   Defendants' Motion to Dismiss Plaintiff's Fifth, Seventh, Eighth, Ninth, Thirteenth, and Fourteenth Claims (Dkt. 22) is GRANTED.[7]

2.   Defendants' Motion to Dismiss Plaintiff's Sixth, Tenth, Eleventh, and Twelfth Claims (Dkt. 22) is DENIED.

3.   Plaintiff's Motion for Default Judgment (Dkts. 36, 45) is DENIED; the Clerk's entry of default (Dkt. 35) is SET ASIDE. Under Federal Rule of Civil Procedure 4(m), "[i]f service of the summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time…." The 120 day deadline to serve the People of California has long since passed. Thus, within fourteen days of this Order, Plaintiff shall effect service on the People of California and file a Certificate of Service with the Court. Should Plaintiff fail to do so, the People of California will be dismissed from the action without prejudice.

4.   Plaintiff's Motion for Order Finding All Request for Admission to Genuineness of Documents and Truth of Facts (Dkt. 38) is DENIED.

---

[7] Dismissal of these claims is granted without leave to amend, as the Court finds that the allegation of other facts consistent with the Complaint could not possibly cure the deficiencies indentified herein. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend need not be granted when amendment would be futile).

5. A telephonic Case Management Conference is scheduled in this matter for **June 16, 2011 at 3:45 p.m**. The parties shall meet and confer prior to the conference and shall prepare a joint Case Management Conference Statement which shall be filed no later than ten (10) days prior to the Case Management Conference that complies with the Standing Order for All Judges of the Northern District of California and the Standing Order of this Court. Plaintiff shall be responsible for filing the statement as well as for arranging the conference call. All parties shall be on the line and shall call (510) 637-3559 at the above indicated date and time.

6. This Order terminates Dockets 22, 36, 38, and 45.

IT IS SO ORDERED.

Dated: March 10, 2011

                                                      SAUNDRA BROWN ARMSTRONG
                                                      United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES KARIM MUHAMMAD,

       Plaintiff,

  v.

PEOPLE OF CALIFORNIA et al,

       Defendant.
_____/

Case Number: CV10-01449 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Karim Muhammad
P.O. Box 24673
Oakland, CA 94623

Dated: March 11, 2011

                          Richard W. Wieking, Clerk
                            By: LISA R CLARK, Deputy Clerk