1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                             NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES KARIM MUHAMMAD, | ) | Case No.: C10-01449 SBA |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER RE:** **PLAINTIFF'S AMENDED MOTION** |
| PEOPLE OF CALIFORNIA, JEFFREY | ) ) | **FOR DEFAULT JUDGMENT AS TO** **DEFENDNAT BOB CONNER** |
| STARK, as an individual and as assistant District Attorney of Alameda County; BOB | ) ) | |
| CONNER, as an individual and as District Attorney Inspector; CYNTHIA CONEJO, as | ) ) | Complaint Filed: April 6, 2010 |
| an individual and as Assistant Registrar of Voters Alameda County and DOES 1-10, | ) ) | |
| Defendants. | ) ) ) | |
| | ) ) | |

        Before the court is plaintiff JAMES KARIM MUHAMMAD's motion for default judgment

as to defendant BOB CONNER, filed on April 11, 2011 (document number 71), which motion was

amended on April 15, 2011 (document number 73).  Defendant filed an opposition to the original

motion on April 15, 2011 (document number 72) and a further opposition to the amended motion

on September 1, 2011 (document number 89).  The court re-set the hearing on the motion to

September 27, 2011 (document number 74), and then continued that hearing to September 30,

2011 (document number 90).  The court has determined that this motion may be decided without

the necessity of a hearing and so the hearing on September 30, 2011 is hereby VACATED.  For

the reasons set forth below, plaintiff's motion is DENIED.

        This mainly civil rights action is brought by a former candidate for public office against a

state district attorney's office investigator.  It arises out of that investigator's investigation of

plaintiff for several counts of perjury and election fraud.  That fraud and perjury investigation was based on a complaint by an incumbent that Plaintiff's claimed residence in his nomination and voter registration papers was not his actual residence.  To run for the office he sought, Board Member for Ward 2 on the AC Transit District Board of Directors, plaintiff had to reside within Ward 2, located within Alameda County, however it was contended that plaintiff resided in Richmond, within Contra Costa County.  Defendant, an investigator employed by the Alameda County District Attorney's Office, was assigned to investigate this complaint.  Plaintiff asserts that defendant violated his civil rights and committed state law torts during that investigation.  Defendant disputes that he violated any of plaintiff's rights or committed any alleged torts.

Originally this suit was filed against defendant and two other individual defendants, as well as against the "people of California."  The three individual defendants collectively filed a motion to dismiss Plaintiff's complaint, and the court, by order dated March 11, 2011, granted in part and denied in part that motion.   In particular, the court's order dismissed two of the three individual defendants, leaving only four of plaintiff's claims, against defendant only.

When defendant did not file an answer to plaintiff's complaint after this order issued, Plaintiff, on Friday, April 1, 2011, filed a motion for entry of default against defendant.  Shortly thereafter, however, on Monday April 4, 2011, Defendant filed an answer.  The court's records reflect that the answer was served on plaintiff at his address of record at the time.  The Clerk of the Court on April 4, 2011 declined entry of default against defendant.

Nevertheless, thereafter plaintiff filed a motion for entry of default judgment against defendant.  The records reflect that after plaintiff filed his motion for entry of default judgment, the parties filed a joint case management statement on May 13, 2011, and the court held a telephonic case management conference at which all parties appeared on June 16, 2011.  The court further notes that a minute order in the court's docket reflects that telephonic discovery dispute hearing was held involving both parties and Magistrate Judge Corley on June 29, 2011.  There is no contention by plaintiff that defendant is not defending this case or participating in discovery.

Rule 55 of the Federal Rules of Civil Procedure addresses entry of default and of default judgments.  Entry of default is permitted against a defendant when a defendant "has failed to plead

-2-

or otherwise defend." Fed. R. Civ. P. 55(a). Any default may be set aside for good cause. Fed. R. Civ. P. 55(c). Default judgment may be entered against a defendant under Rule 55(b), however default judgments are disfavored. Whenever reasonably possible, cases should be decided on their merits. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009); *Patapoff v. Vollstedt's, Inc.*, 267 F.2d 863, 865 (9th Cir. 1959). Entry of a default is generally a prerequisite to entry of a default judgment. Fed. R. Civ. P. 55; *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004). Any doubts as to the propriety of a default are usually resolved against the party seeking default judgment. *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

Here plaintiff seeks default judgment against defendant because defendant failed to answer his complaint within the time period provided by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(a)(4). Defendant has filed an answer, although it appears that it was filed late. Defendant asserts that he is actively defending this case, as evidenced by the fact that he has taken plaintiff's deposition and has responded to plaintiff's written discovery. Defendant also disputes that plaintiff's case is meritorious. Defendant claims that he did not violate any of plaintiff's rights, and that plaintiff's state law claims are barred by various state law defenses.

Entry of default judgment against defendant is not supported by the foregoing facts. The allegations of plaintiff's complaint are vigorously disputed by the defendant. There appears to be no dispute that defendant is actively defending this case, and the court's records reflect his active participation in this case. Defendant's answer was filed late, but less than two weeks after it was due. There is no evidence that plaintiff was prejudiced by this delay. No default was ever entered against defendant. The amount of money plaintiff seeks from defendant – millions of dollars – is excessive, and strongly suggests that entry of default judgment against defendant under the above circumstances would be manifestly unjust. Plaintiff does not identify any prejudice to him in not entering default judgment, and indeed there appears to be none. Finally, as mentioned above, there is the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. All of these factors support denial of plaintiff's motion. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Order re: Plaintiff's Motion and Amended Motion for Default Judgment against Defendants Conner

1    Therefore, plaintiff's motion for default judgment against defendant is hereby DENIED.

2    SO ORDERED.

3  DATED:  9/23/11

4

5                                                        By:  _____

6                                                               SAUNDRA B. ARMSTRONG
                                                                UNITED STATES DISTRICT JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Order re: Plaintiff's Motion and Amended Motion for Default Judgment against Defendants Conner

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JAMES KARIM MUHAMMAD,

        Plaintiff,

  v.

PEOPLE OF CALIFORNIA et al,

        Defendant.
_____/

Case Number: CV10-01449 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Karim Muhammad
P.O. Box 24673
Oakland,  CA 94801

Dated: September 27, 2011

                        Richard W. Wieking, Clerk
                        By: LISA R CLARK, Deputy Clerk

26419\555416

-6-

Order re: Plaintiff's Motion and Amended Motion for Default Judgment against Defendants Conner