**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| **JAMES KARIM MUHAMMAD,**<br><br>            **PLAINTIFF,**<br><br>      VS.<br><br>**BOB CONNER,**<br><br>            **DEFENDANT.** | Case No.: 4:10-cv-01449 YGR<br><br>**PRETRIAL ORDER AT CONCLUSION OF PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, for good cause shown the Court enters the following orders:

1.      **Trial Date and Schedule**:   The trial of this matter is **confirmed for April 16, 2012** beginning at **8:30 a.m.** in Courtroom 2.  Trial is estimated to last 2 court days including jury selection. Plaintiff anticipates 1 witness.  Defendant anticipates no more than 5 witnesses.  Counsel shall arrive in Court early enough to proceed with evidence by 8:30 a.m.  If the case is ordered to "trail" a trial in progress, all counsel shall (a) provide the Clerk a telephone number where he/she can be reached within 15 minutes between the hours of 9:00 a.m. and 4:00 p.m. and (b) be able to be in court within one (1) hour if notified by 3:00 p.m.  The trial schedule will be generally as follows, Monday through Thursday, from 8:30 a.m. to 1:30 p.m. with two fifteen minute breaks.  Jury deliberations will extend the full day, as needed.

Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court.

The Court will make a reference to the Bar Association to attempt to find an attorney to represent Mr. Muhammad for the actual trial of this matter.

2. **Standard Motions *in Limine***: The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; and (b) that there shall be no reference to or evidence presented of settlement discussions or mediation. The Court's rulings on the motions *in limine* are as follows.

Rulings on Defendant's Motions *in Limine*: A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Having reviewed the Defendant's Motions *in Limine*, Dkt. Nos. 139-41, Plaintiff's Opposition, Dkt. No. 143, the argument of the parties, and the relevant legal authorities, the Court **GRANTS** Defendant's Motions *in Limine* as follows:

    a. Defendant's Motion *in Limine* #1, Dkt. No. 139, which seeks to preclude Plaintiff from presenting any experts or expert testimony, or making arguments on matters requiring testimony of an expert, is **GRANTED**. Plaintiff did not disclose any experts prior to the deadline.

    Plaintiff may not present any expert witnesses or elicit any expert testimony from any witness, as defined by the Federal Rules of Evidence, including Rule 702.

    b. Defendant's Motion *in Limine* #2, Dkt. No. 140, which seeks to exclude any evidence of or reference to claims or parties that were dismissed by the Court's March 11, 2011 and February 29, 2012 Orders, Dkt. Nos. 62 & 136, is **GRANTED**. Evidence or argument relating to previously dismissed parties is irrelevant to the remaining "knock and announce" claim. Fed. R. Evid. 401. To the extent any relevance exist, the probative value is substantially outweighed by the fact that it would confuse the issues, mislead the jury and waste time. Fed. R. Evid. 403.

Plaintiff shall not make reference to, or offer evidence of, any claims or parties previously dismissed or summarily adjudicated against, where not relevant to the remaining "knock and announce" claim.

c. <u>Defendant's Motion *in Limine* #3</u>, Dkt. No. 141, which seeks to exclude any evidence or argument that Defendant Bob Conner is in default or that Plaintiff is entitled to entry of default judgment in his favor against Defendant Bob Conner, is **GRANTED**. Defendant Bob Conner is not in default and Plaintiff is not entitled to a default judgment against Defendant Bob Conner. Accordingly, it is not relevant. Fed. R. Evid. 401.

Plaintiff shall not present any evidence or make any argument that Defendant Bob Conner is in default or that Plaintiff is entitled to a default judgment against Defendant Bob Conner.

d. <u>Admissibility of convictions to impeach a witness's credibility</u>: At the pretrial conference the Court took under advisement whether evidence of Plaintiff's underlying convictions in this matter are admissible for purposes of impeaching Plaintiff's credibility. Rule 609(a)(2) requires admission of conviction evidence of a crime "if it involved dishonesty or false statement, regardless of the punishment." Fed. R. Evid. 609(a)(2). Thus, if the crime involves dishonesty or false statement, the conviction must be admitted; the Court does not have discretion to exclude. Charles A. Wright *et al.*, 28 FED. PRAC. & PROC. EVID. § 6135 (2011) (subdivision (a)(2) crimes must be admitted and the trial court has no discretion to exclude, regardless of seriousness of offense or prejudicial effect) (*citing United States v. Field*, 625 F.2d 862, 871 (9th Cir. 1980); *United States v. Hayes*, 553 F.2d 824, 827 (2d Cir. 1977), *cert. denied* 434 U.S.

867). Additionally, a conviction that satisfies this rule is admissible even if an appeal is pending (though the pendency of the appeal also is admissible). Fed. R. Evid. 609(e).

All six of Plaintiff's felony convictions are admissible to impeach Plaintiff's credibility because all six convictions are for crimes that involve dishonesty or a false statement. Fed. R. Evid. 609(a)(2). Here, Plaintiff was convicted of six felonies: three counts of perjury (filing of a fraudulent declaration), one count of fraudulent registration of an ineligible voter, one count of filing fraudulent nomination papers, and one count of fraudulent submission of a declaration of candidacy. The Court can readily determine that establishing the elements of the crimes required proving a dishonest act or false statement. Accordingly, to the extent that Plaintiff himself does not admit the convictions during direct examination, they may be used during cross-examination for the purpose of impeaching his credibility. Evidence of these convictions must be admitted, even if the convictions are pending appeal. Reference to these convictions may not be made during opening statements.

The parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation, the striking of the witness's entire testimony.

3. **Witnesses**: The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses may be allowed by Court order.

4. **Exhibits and Exhibit Lists**: The parties are limited to using the Exhibits submitted to the Court on the Friday before the trial date. No witness may be shown any document or other object

4

until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box.

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

**5.** **Stipulated Facts**: The jurors will be read the following stipulated facts:

   a. Mr. Muhammad ran for the public office of Board Member for Ward 2 on the Alameda-Contra Costa Transit District Board in the November 2008 election.

   b. This position requires residence within Ward 2, located in Alameda County.

   c. In his nomination papers for the Alameda-Contra Costa Transit District Board position, as well as in his voter registration papers, Mr. Muhammad listed his address as 832 34th Street, Emeryville, California. This address does not exist. However, it does exist in Oakland, California and is located in Ward 2 of the Alameda-Contra Costa Transit District.

   d. The Alameda County District Attorney's Office received a report that Mr. Muhammad did not reside in Ward 2, but rather resided in Contra Costa County.

   e. The Alameda County District Attorney's Office assigned Mr. Bob Conner to investigate and determine Mr. Muhammad's actual city of residence.

   f. Thereafter, Mr. Bob Conner presented and a superior court judge issued a warrant to arrest Mr. Muhammad and a warrant to search 1555 Third Street, apartment 318 in Richmond, California.

The parties dispute whether the police officers knocked and announced their presence, or in any way identified themselves as law enforcement officers prior to entering Mr. Muhammad's dwelling. The execution of these warrants is the subject of this trial.

6. **Equipment**: Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540 as to appropriate time for doing so.

7. **Peremptory Challenges**: The Court sets the number of peremptory challenges at three (3) for each party plus one (1) for the alternates. The Court will seat a total of 8 jurors. *Batson/Wheeler* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.

8. **Expert Disclosures/Fed. R. Civ. P. 68 Offers**: Counsel shall lodge with the Court on the first day of trial two copies of all expert disclosures, including any supplements, as well as all offers of judgment made under Fed. R. Civ. P. 68.

9. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury, or first witness, is sworn, whichever occurs first.

10. **Depositions to Be Used at Trial**: Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available.

11. **Objections**: There shall be no "speaking objections," and no response unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a response requested, "Not offered for the truth." If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

12. **Requests for Transcripts**: If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) at least one week prior to the commencement of the trial.

13. **Trial Decorum and Procedure**:  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach witnesses without permission.

14. **Failure to Comply**:  Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

I<small>T</small> I<small>S</small> S<small>O</small> O<small>RDERED</small>.

April 9, 2012

_____
Y<small>VONNE</small> G<small>ONZALEZ</small> R<small>OGERS</small>
U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>